# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | Civil Action |
| Plaintiff, | |
| | 2:23-cv-683 |
| v. | |
| NORWIN SCHOOL DISTRICT, NICOLE STOOPS, TIMOTHY MCCABE AND ELAINE KING | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff John Doe, through counsel, files the following complaint against defendant Norwin School District.

## PARTIES & JURISDITION

1. Plaintiff John Doe is minor citizen of Pennsylvania. He is suing under a pseudonym because he is a minor and this matter involves matters sensitive to his well-being as well as to his minor sibling. Counsel to plaintiff maintains his identity and address.

2. Defendant Norwin School District is a local governmental body located in the Commonwealth of Pennsylvania. Defendant maintains its principal offices at 281 McMahon Drive, North Huntington, PA 15642.

3. Defendant Nicole Stoops is an adult whose place of business is located at 251 McMahon Drive, North Huntington, PA 15642. During all times relevant to this Complaint, defendant Stoops acted under the authority of defendant Norwin School District.

1

4.      Defendant Timothy McCabe is an adult whose place of business is located at 251 McMahon Drive, North Huntington, PA 15642. During all times relevant to this Complaint, defendant McCabe acted under the authority of defendant Norwin School District.

5.      Defendant Elaine King is an adult whose place of business is located at 251 McMahon Drive, North Huntington, PA 15642. During all times relevant to this Complaint, defendant King acted under the authority of defendant Norwin School District.

6.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 as federal questions are involved.

## STATEMENT OF FACTS

7.      John Doe is a minor. During the times relevant to this complaint, John Doe was a high school student at Norwin High School located at 251 McMahon Drive in Irwin, Pennsylvania. John Doe is Caucasian.

8.      John Doe is a student with disabilities and is on the spectrum. He has been diagnosed with Pervasive Developmental Disorder and ADHD. As a result of his disabilities, John Doe received special education while enrolled at Norwin High School.

9.      As a result of his disabilities, plaintiff John Doe has a higher energy level and does not pick up on all social cues. This sometimes causes him to blurt things out of context in the classroom and other social settings.

10.     While enrolled at Norwin High School, John Doe was subjected to intense and continual bullying by both his peers and by the high school's staff, including John Doe's teachers.

11. For example, John Doe's student peers became aware of on-line sex videos involving his mother, who is an adult entertainer. His peers accessed those videos on their smart phones and showed the same to plaintiff.

12. Both John Doe and his mother reported this conduct to the school's principal, yet defendant failed to take any actions against the persons responsible for showing John Doe the material of his mother.

13. Because defendants failed to take appropriate actions, this conduct by plaintiff's student peers persisted and caused plaintiff intense amounts of anxiety, embarrassment, humiliation and shame.

14. The school's failure to act against these individuals was grossly unjust, especially as these actions constituted the felony crime of corruption of a minor.

15. In addition, John Doe has long been subjected to intense and severe bullying at the hands of another student referred to as MINOR #1[1]. MINOR #1 is a student from a troubled home and is of African American descent.

16. The bullying MINOR #1 subjected John Doe included repeated and prolonged instances of verbal abuse and physical assault.

17. Of note, MINOR #1 has threatened to stab John Doe on multiple occasions, which caused plaintiff to fear for his safety and his life.

18. In spite of numerous reports made by John Doe and his mother to the high school's staff, defendant failed to take any meaningful action to prevent MINOR #1 from bullying John Doe.

---

[1] Plaintiff's counsel maintains the identity of MINOR #1 in plaintiff's file.

3

19.     Plaintiff believes and therefore avers that defendants failed to take corrective action against MINOR #1 because MINOR #1 is of African American descent and plaintiff is a Caucasian. Plaintiff also believes and therefore avers that defendants field to act because of the aforementioned sex videos involving plaintiff's mother.

20.     The bullying to which John Doe was subjected was not only at the hands of his student peers. At least two teachers at the high school participated in the same.

21.     Plaintiff John Doe's special education math teacher was defendant Nicole Stoops.

22.     Defendant Stoops has threatened plaintiff in the classes she taught. Of note, in or around December of 2021, defendant Stoops informed plaintiff's classmates that were allowed to place duct tape over his mouth.

23.     A few months prior to the same, defendant Stoops herself threatened to duct tape plaintiff's mouth herself.

24.     Defendant Stoops frequently referred to plaintiff as one of the "bad eggs" in her classroom and further remarked that she hopes he will never come to class.

25.     In addition, several of plaintiff's classmates have threatened plaintiff with violence in the presence of defendant Stoops. Plaintiff believes and therefore avers that defendant Stoops perceived these threats yet failed to take any corrective or preventative action regarding the same.

26.     As a result, plaintiff was subjected to physical bullying that otherwise could have and should have been prevented.

27.     In late January or early February of 2021, plaintiff reported what was occurring between him and defendant Stoops to the high school's assistant principal, defendant Timothy McCabe.

28. In spite of receiving the same, defendant McCabe failed to take any corrective or preventative actions regarding the same.

29. In addition, plaintiff has made numerous reports of bullying at the hands of his student peers to defendant McCabe.

30. In spite of receiving these reports from plaintiff, defendant McCabe has failed to take any corrective or preventative action concerning the bullying that plaintiff was subjected to by his student peers.

31. As a result, plaintiff was subjected to physical bullying that otherwise could have and should have been prevented.

32. As a result of the extensive bullying to which plaintiff was subjected to while enrolled at the Norwin High School, plaintiff's mother frequently attended school board meetings at which she made numerous complaints.

33. On or around March 14, 2022, another of plaintiff's teachers, defendant Elaine King, told plaintiff that his mother would be arrested the next time she spoke about the abuse at a school board meeting.

34. Plaintiff believes and therefore avers that defendant King made this representation to him in an effort to discourage plaintiff from reporting to his mother about the bullying he was being subjected to at the high school.

35. As a direct and proximate result of defendants' conduct, plaintiff had no choice but to attend school remotely.

36. Attending school remotely caused plaintiff to perform worse than he otherwise would have due to his disabilities.

37. As a direct and proximate result of defendants' conduct, plaintiff suffered severe depression, anxiety and emotional pain. Plaintiff's mental health deteriorated to the point where he began to have suicidal ideation.

## COUNT ONE

### DISABILITY DISCRIMINATION UNDER TITLE II OF AMERICAN WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101 et seq.

38. The prior paragraphs of this Complaint are incorporated herein by reference.

39. Plaintiff John Doe was subjected to bullying and harassment by his student peers and at least of two of his teachers as a result of his disabilities.

40. Defendant, by the conduct of at least two John Doe's teachers, and by failing to stop plaintiff's peers from bullying him on the basis of his disability after having notice and opportunity to so, has violated Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12111 *et seq*.

41. These unlawful practices were committed by the Defendant to deprive Plaintiff of his rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

42. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

43. Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages as listed:

    a) The entry of declaratory judgment finding that the acts complained of herein are unlawful under Title II of the ADA;

    b)    The award of compensatory damages.

    c)    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT TWO

### SEX DISCRIMINATION UNDER TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 et seq.

44.    The prior paragraphs of this Complaint are incorporated herein by reference.

45.    Plaintiff John Doe was subjected to bullying and harassment by his student peers as a result of a sex video involving his mother that his peers found on the internet.

46.    Defendants, by failing to stop plaintiff's peers from bullying him on the basis of this video, have violated Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681 *et seq*.

47.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages as listed:

    a)    The entry of declaratory judgment finding that the acts complained of herein are unlawful under Title IX of the Education Amendments of 1972;

    b)    The award of compensatory damages.

    c)    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT THREE

**RACE DISCRIMINATION UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§2000d et seq.**

48. The prior paragraphs of this Complaint are incorporated herein by reference.

49. Defendants, by failing to stop MINOR #1 bullying plaintiff have violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§2000d *et seq*.

50. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful under Title VI of the Civil Rights Act of 1964;

b) The award of compensatory damages.

c) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT FOUR

**DISABILITY DISCRIMINATION UNDER § 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. §§ 701 et seq.**

51. The prior paragraphs of this Complaint are incorporated herein by reference.

52. Plaintiff John Doe was subjected to bullying and harassment by his student peers and at least of two of his teachers as a result of his disabilities.

53. Defendants, by the conduct of at least two of John Doe's teachers, and by failing to stop plaintiff's peers from bullying him on the basis of his disability after having notice and opportunity to so, have violated § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.

54. These unlawful practices were committed by the Defendant to deprive Plaintiff of his rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

55. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful under Title II of the ADA;

b) The award of compensatory damages.

c) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

**JURY TRIAL DEMANDED AS TO ALL COUNTS AS PERMITTED BY LAW**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire
PA ID No.: 92233
515 Court Place, Suite 4
Pittsburgh, PA 15219


*Counsel for Plaintiff*

Dated: April 25, 2023

9